UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) No. | |
| JERRY J. CONSIDINE | ) Violation: | Title 18, United States Code, Section 1343 |

**14 CR 498**

JUDGE CHANG

MAGISTRATE JUDGE MASON

COUNT ONE

The SPECIAL FEBRUARY 2014 GRAND JURY charges:

1. At times material to this indictment:

Considine Trading Corporation

a. Considine Trading Corporation (CTC) was an Illinois corporation owned and operated by defendant CONSIDINE. CTC had an office in Oak Park, Illinois, and purported to provide commodity trading advisor (CTA) services to the public.

b. CTC was registered as a CTA and a member of the National Futures Association from approximately 1993 until 1996.

c. Defendant CONSIDINE maintained control over bank accounts at Chase Bank in the name of CTC.

FILED

SEP X 4 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### Novo Trading, LLC

      d.    Novo Trading was an Illinois corporation owned and operated by defendant CONSIDINE. Novo had an office in Oak Park, Illinois, and purported to provide CTA services to the public.

      e.    Novo became registered as a CTA and a member of the NFA from August 2011 until October 2012. Novo was unregistered from October 2012 until approximately September 2013, when it renewed its registration.

      f.    Defendant CONSIDINE maintained control over bank accounts at Chase Bank in the name of Novo.

      2.    Beginning no later than January, 2010, and continuing until at least January, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JERRY J. CONSIDINE,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, which scheme is further described below.

      3.    It was part of the scheme that defendant CONSIDINE obtained approximately $2,300,000 million from approximately eight investors by misrepresenting and causing to be misrepresented to investors that CTC and Novo would invest their funds in commodities trading, including currencies and gold, and that investors would receive positive rates of return on their investments, knowing that some investor funds were instead used to pay for unauthorized expenditures, such as defendant CONSIDINE's personal expenses and to make Ponzi-type payments to investors.

4. It was further part of the scheme that defendant CONSIDINE marketed and caused to be marketed CTC and Novo as CTAs which managed $59 million in assets and provided steady profits as a result of commodities trading. In fact, defendant CONSIDINE knew that CTC was not a registered CTA as of 1996 and that Novo was unregistered from October 2012 until September 2013 and that these entities did not manage $59 million in assets.

5. It was further part of the scheme that defendant CONSIDINE caused investors to enter into contracts with CTC and Novo in which defendant CONSIDINE falsely represented that the entirety of each investors' funds would be placed into individual trading accounts, in the names of the individual investors, at a futures commission merchant and that CTC and Novo would manage the individual trading accounts. In fact, defendant CONSIDINE knew that investor funds were commingled into at least three bank accounts at Chase Bank, and that the entirety of the investor funds were never placed into individual trading accounts, and that investor funds were used for unauthorized expenditures. Defendant CONSIDINE further knew that a significant portion of investor funds were not used for commodities trading, but for unauthorized purposes, including defendant CONSIDINE's personal expenses, such as home improvements and pet care, and Ponzi-type payments to investors.

6. It was further part of the scheme that defendant CONSIDINE sent and caused to be sent false investor account activity statements to investors, knowing that the account balances and rates of return in the statements were false because defendant CONSIDINE knew that investor funds were used to make Ponzi-type payments to other investors and improperly used on unauthorized expenditures instead of commodities trading.

3

7. It was further part of the scheme on or about January 6, 2013, defendant CONSIDINE sent and caused to be sent via email to Investor A an account statement that misrepresented that the entirety of Investor A's funds were being traded in commodities markets and that Investor A had positive rates of return for each quarter of 2012, when defendant CONSIDINE knew that the rates of return were false because some of Investor A's funds were used to make Ponzi-type payments to other investors.

8. It was further part of the scheme that defendant CONSIDINE did misrepresent, conceal, and hide, and caused to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

9. On or about March 2, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JERRY J. CONSIDINE,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System, from a JP Morgan Chase Bank account to a Mellon United National Bank account, in the amount of approximately $267,523, which funds represented purported investment returns for Investor B;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count One of this indictment are incorporated here.

2. On or about November 8, 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JERRY J. CONSIDINE,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System, from a JP Morgan Chase Bank account to a BMO Harris Bank account, in the amount of approximately $70,000, which funds represented purported investment returns for Investor C;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count One of this indictment are incorporated here.

2. On or about January 2, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JERRY J. CONSIDINE,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System, from a JP Morgan Chase Bank account to a BMO Harris Bank account, in the amount of $24,500, which funds represented purported investment returns for Investor C;

In violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 8 of Count One of this indictment are incorporated here.

2. On or about June 28, 2013, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JERRY J. CONSIDINE,

defendant herein, for the purpose of executing the scheme to defraud, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an interstate wire transfer processed through the Federal Reserve System, from a Bank of America account to a JP Morgan Chase Bank account, in the amount of approximately $250,000 which funds represented an investment with Novo by Investor D;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2014 GRAND JURY further charges:

1. The allegations of Counts One through Four of this Indictment are incorporated here for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. As a result of the offenses charged in Counts One through Four of this Indictment,

JERRY J. CONSIDINE,

defendant herein, shall forfeit to the United States any and all right, title, and interest he has in any property, real and personal, which is derived from proceeds traceable to the offenses in Counts One through Four.

3. The interests of defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461(c), include but are not limited to approximately $1,807,000.

4. If, as a result of any act or omission by the defendant, any of the forfeitable property described above:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY